## Grundy Appeal

*Maurice Levin,* for Secretary of Transportation.

*S. Richard Klinges, 3rd,* for appellant.

WALSH, JR., J., October 19, 1972.—This is an appeal from an order of the Secretary of Transportation suspending appellant's operating privileges under

section 624.1 of The Vehicle Code. After a hearing de novo we make the following findings of fact.

## FINDINGS OF FACT

1. On April 15, 1972, Sergeant Thomas Duffy of Lower Makefield Township Police, Bucks County, Pa., responded to a request to investigate an automobile which had been parked a long period of time.

2. On arrival, he noticed that appellant was asleep in the driver's seat.

3. The officer awoke him and asked him for his operator's license and registration, which he produced.

4. On detecting the odor of alcohol, the officer informed appellant "I am going to give you a sobriety test."

5. Appellant replied "No you're not," whereupon the officer locked appellant's car, informed him of his rights and placed him under arrest.

6. At the police station, after the arrest, the officer requested appellant to take a "breathalizer" test, which he refused.

7. Thereafter, the Secretary of Transportation notified appellant that his motor vehicle privileges were to be suspended for six months under section 624.1 of The Vehicle Code because of his refusal to submit to the breath test.

8. An order of supersedeas was entered.

## DISCUSSION

A requirement of section 624.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, is that the police officer have "reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor." The only evidence offered by the Commonwealth to meet this requirement was the officer's testimony that: (1) He was dispatched to

a certain locality in response to a report from a local resident that "there was a vehicle parked in that area for a long period of time"; (2) Appellant was found asleep in the driver's seat; and (3) "I could smell the odor of alcohol on him." We hold that this evidence, without more, does not constitute "reasonable grounds" within the intent of the statute. The record is silent as to a time relationship between the drinking and the driving. Assuming, without deciding, that the evidence furnishes reasonable ground to believe appellant was under the influence, there still remains no basis to assume that he had been operating his car while in the condition in which the officer found him. It would be just as reasonable to assume the reverse, that upon entering his car, he realized his condition and took the safety precaution to "sleep it off."

## ORDER

And now, October 19, 1972, the order of the Secretary of Transportation dated May 5, 1972, suspending appellant's operating privileges is reversed.